UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| RYAN J. MORRIS : | SUB CHAPTER V |
| : | |
| Debtor : | CASE NO. 1-22-02205-HWV |
| : | |
| LISA A. RYNARD, ESQUIRE : | |
| SUB CHAPTER V TRUSTEE : | |
| Trustee/Movant : | |
| : | |
| vs. : | |
| : | |
| RYAN J. MORRIS : | |
| : | |
| Respondent : | |

## SUB CHAPTER V TRUSTEE'S OBJECTION TO RYAN J. MORRIS' PLAN OF REORGANIZATION, DATED SEPTEMBER 7, 2023

AND NOW, comes Lisa A. Rynard, Esquire, Sub Chapter V Trustee ("Trustee"), and objects to the confirmation of Ryan J. Morris' Sub Chapter V Plan of Reorganization, dated September 7, 2023, Document #144 ("Plan"). In support of this Objection, the Trustee states as follows:

1. Ryan J. Morris ("Debtor") filed a Chapter 7 Bankruptcy proceeding to the above case number on November 14, 2022, which case was later converted to a case under Chapter 13 on April 14, 2023, and eventually converted to a case under Sub Chapter V Chapter 11 on June 13, 2023.

2. Movant was appointed the Sub Chapter V Trustee pursuant to 11 U.S.C. §1183(a) on June 14, 2023.

3. Section 1183(b) enumerates the Trustee's duties, which includes the right to "appear and be heard" with respect to "any hearing that concerns . . . confirmation of a plan filed under this subchapter." 11 U.S.C. §1183(b)(3)(B).

4. Consistent with 11 U.S.C. §1189, the Debtor filed his Plan on September 7, 2023.

5. The last date for objections to the Plan has been set as October 12, 2023.

6. The Hearing on Confirmation of the Plan has been scheduled for October 24, 2023.

7. In order for the Court to confirm the Plan, the Plan must satisfy all of the requirements of 11 U.S.C. §1191, which includes that the Plan meets "all the requirements of 11 U.S.C. §1129(a), other than paragraph (15) of that section." It does not.

8. The Plan funding is based on a commitment of funding from Debtor's unmarried partner.

9. Debtor's Plan does not comply with 11 U.S.C. §1129(a)(7), which requires each creditor receive at least as much as they would in a hypothetical Chapter 7 liquidation.

10. Debtor's Plan provides for payment of the equity in his residential real estate located at 1425 Knoxlyn Orrtanna Road to ITC Capital Partners, LLC. Debtor has undervalued the real estate. The Trustee suggests the appropriate value is $599,900.00, consistent with the Chapter 7 Trustee's Sales Agreement, dated March 19, 2023. Based on a hypothetical liquidation analysis, the accurate amount due to ITC Capital Partners, LLC is $105,583.46 from this asset.

11. Debtor is also the co-owner, at filing, of residential real estate located at 19 Misty Lane. Debtor values this property at $315,000.00. Based on a hypothetical

liquidation analysis and a 50% split of the equity, the accurate amount due to unsecured creditors is $56,750.00 from this asset.

12. Debtor's Plan proposes a nominal payment of $5,000.00 to his unsecured creditors, paid in annual installments over five (5) years. This equates to an approximate .005% dividend to his unsecured creditors.

13. Debtor's Plan does not comply with 11 U.S.C. §1129(a)(11), the feasibility requirement. By Debtor's own admission in Para. 6.1.1.5, Debtor has "virtually no disposable income" after secured payments. Under these circumstances the Plan is likely to be followed by liquidation or the need for further reorganization.

14. The Plan does not comply with 11 U.S.C. §1190(2) in that it fails to "provide for the submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan."

15. The Plan provides financial projections as contemplated under 11 U.S.C. §1190(1)(C), however, the Trustee finds these projections inconsistent with the information provided in the Monthly Operating Reports (MORs) filed by Debtor, to date, as well as the Amended Schedule I/J filed by the Debtor on March 30, 2023.

16. The Trustee alleges that the financial projections, attached to the Plan as Exhibit A, fail to reflect accurate income and/or expenses.

17. As indicated in Para. 15, the Trustee finds Debtor's income projections to be inconsistent with the financial information disclosed in the MORs. Debtor's MORs, evidence deposits to his bank accounts, June 1, 2023 – August 31, 2023, a three (3) month period, in the amount of $119,780.64. During the same time period, those bank accounts evidence $115,989.59 in expenditures. The Trustee acknowledges that the bank accounts are held jointly

with Debtor's non-married partner, however, there is absolutely no explanation in the Monthly Operating Reports for the excess and otherwise undisclosed income.

18. Debtor's August 2023 MOR discloses two paychecks for August 2023, however the Trustee has been unable to trace an August 25, 2023 pay deposit to either Debtor's People's Bank Debtor in Possession (DIP) Account or the jointly held Belco Accounts.

19. The Monthly Operating Reports evidence rampant and excessive spending by Debtor and his partner, including, travel, dining out, entertainment, spas, and significant unexplained cash transfers out of the accounts.

20. The Trustee previously brought the excess spending issues to Debtor's Counsel's attention in an effort to encourage Debtor to curtail such spending and bring his financials within the parameters expected of a Debtor who has availed himself of the protections of Sub Chapter V. The Trustee, then again, complained about both the undisclosed income and excessive spending at the Sub Chapter V Status Conference, and encouraged Debtor to sequester his income and expenses to a DIP account.

21. The August 2023 MOR evidences that Debtor set up a DIP account, however, once his paycheck is deposited into the DIP account, he simply transferred and co-mingled those funds to the accounts he holds jointly with his partner, continuing his non-compliance with the UST's Sub Chapter V Operating Guidelines and circumventing the ability of the Trustee to properly analyze his cash flow.

22. The Plan fails to meet the "fair and equitable" standard under 11 U.S.C. §1191(c) as it fails to commit all of the Debtor's projected disposable income. Disposable income is defined in 11 U.S.C. §1191(d) as "income that is received by the

debtor and is not reasonably necessary to be expended for these specific purposes: i) the maintenance and support of the debtor or a dependent of the debtor; ii) a domestic support support obligation that first becomes payable after the date of the filing of the petition; or iii) payment of expenditures necessary for the continuation, preservation, or operation of the business of debtor."

23. The Plan has not been proposed in good faith in that Debtor has failed to provide for the accurate income projections, substantially under reporting his income.

24. The Trustee further objects to allowance the Section 8.4 provision permitting the individual Debtor to make Plan payments under a consensual confirmation scenario.

WHEREFORE, Trustee prays that this Court sustain its Objection and enter an order denying confirmation of the Plan and grant such other relief as is equitable and just.

Respectfully submitted,

LAW OFFICE OF LISA A. RYNARD

By: /s/ Lisa A. Rynard, Esquire
    Lisa A. Rynard, Esquire
    Sub Chapter V Trustee
    240 Broad Street
    Montoursville, PA 17754
    (570) 505-3289
    larynard@larynardlaw.com

Dated: October 6, 2023

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| RYAN J. MORRIS | : SUB CHAPTER V |
| | : |
| Debtor | : CASE NO. 1-22-02205-HWV |
| | : |
| LISA A. RYNARD, ESQUIRE | : |
| SUB CHAPTER V TRUSTEE | : |
| Trustee/Movant | : |
| | : |
| vs. | : |
| | : |
| RYAN J. MORRIS | : |
| | : |
| Respondent | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the **Sub Chapter V Trustee's Objection to Ryan J. Morris' Plan of Reorganization, Dated September 7, 2023** was served on the following parties in this manner:

| Name and Address | Mode of Service |
|---|---|
| Robert E. Chernicoff, Esquire<br>rec@cclawpc.com<br>Counsel for Debtor | Via ECF/CM |
| James K. Jonesr, Esquire<br>jkj@cclawpc.com<br>Counsel for Debtor | Via ECF/CM |
| Joseph P. Schalk, Esquire<br>Office of the United States Trustee<br>Joseph.Schalk@usdoj.gov | Via ECF/CM |

Date: October 6, 2023         By: /s/ Lisa A. Rynard
                                  Lisa A. Rynard, Esquire
                                  240 Broad Street
                                  Montoursville, PA 17754