UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>RYAN J. MORRIS<br><br>EMBASSY OF THE STATE OF QATAR<br>Creditor/Movant<br><br>v.<br><br>RYAN J. MORRIS<br>Respondent | SUB CHAPTER V<br><br>CASE NO. 1:22-02205-HWV |

### CREDITOR EMBASSY OF THE STATE OF QATAR'S OBJECTIONS TO RYAN J. MORRIS' PLAN OF REORGANIZATION AND MOTION TO AMEND CLAIM

COMES Creditor Embassy of the State of Qatar (the "Embassy"), and objects to the confirmation of Ryan J. Morris' Plan of Reorganization, dated September 7, 2023, Document #144 (the "Plan") to the extent that it categorizes the Embassy's claim as disputed in reliance on Schedule E/F dated December 12, 2022, Document #16 (the "Schedule") submitted by Ryan J. Morris ("Debtor") that misidentifies the Embassy's claim as disputed. In support of such, the Embassy submits the following:

1. On June 5, 2023, the Superior Court of the District of Columbia entered an order against the Debtor personally, jointly and severally with his business Tripwire Operations Group LLC. **See Exhibit A,** (the "Judgment").

2. Debtor had knowledge of the Judgment, as Counsel for the Debtor appeared at the hearing at which the order was entered.

3. The Judgment was in the amount of $339,716.02, not including pre and postjudgment interest awarded.

4. Including the awarded interest, the Judgment was in the amount of $471,127.71 on November 14, 2022, the date of the filing of this bankruptcy proceeding. **See Exhibit B**, the Itemized Statement.

5. The correct information for this undisputed and noncontingent claim is in the attached Proof of Claim, specifically a judgment that was not appealed, with attachments. **See Exhibit C.**

6. Despite knowledge of the Judgment, the Debtor misrepresented the claim as "disputed" and "contingent."

7. The Embassy's claim is not legally disputed in any sense.

8. The above payments are only for claims which are "Allowed," which specifically excludes claims scheduled by Debtor as excluded.

9. The Embassy objects to the Plan to the extent that the Embassy is excluded from the payments to unsecured creditors.

WHEREFORE Plaintiff Embassy of the State of Qatar hereby requests that this Court deny confirmation of the Plan, or allow the Embassy to amend its claim to correct the misidentifications of the Schedule.

Dated: ~~November 27~~, 2023  
December 21

Respectfully Submitted,

**EMBASSY OF THE STATE OF QATAR**

By: Mohamed A. Al Naser  
Title: Security Attaché  
2555 M Street NW  
Washington, D.C. 20037

2

*Creditor*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via regular mail on December 28, 2023 to the following:

Robert E Chernicoff, Esq.
James K Jones, Esq.
Cunningham and Chernicoff PC
2320 North Second Street
Harrisburg, PA 17110
717 238-6570
Fax: 717 238-4809
Email: rec@cclawpc.com

*Counsel for Debtor*

Joseph P Schalk, Esq.
DOJ-Ust
1501 N. 6th Street
Box 302
Harrisburg, PA 17102
717-221-4515
Fax: 717-221-4554
Email: joseph.schalk@usdoj.gov

*Asst. U.S. Trustee*

Lisa Ann Rynard, Esq.
Law Office of Lisa A. Rynard
(Trustee)
240 Broad Street
Montoursville, PA 17754
570-505-3289

*Trustee*

*/s/ Mohamed Al Nasr*
Creditor
Security Abachi

3

# EXHIBIT A |

## Judgment

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| EMBASSY OF THE STATE OF QATAR,<br><br>Plaintiff,<br><br>v.<br><br>TRIPWIRE OPERATIONS GROUP LLC *et al*,<br><br>Defendants. | Case No. 2020 CA 004841 C<br><br><br>Magistrate Judge Joseph Beshouri |

## ORDER

This matter was before the Court for a Status Hearing on June 6, 2022. Counsel for Plaintiff and for Defendants appeared remotely. The Court denied Plaintiff's Motion for Judgment by Confession filed November 3, 2020, and the Court denied Plaintiff's Motion for Judgment filed February 19, 2021. The Court granted Defendant's Consent Motion to Extend Time to Respond to Plaintiff's Motion for Judgment, filed April 5, 2021, and the Court then granted Plaintiff's Motion for Default and/or Summary Judgment, to Enter Judgment Pursuant to Rule 68-I, filed December 22, 2021.

Accordingly, upon consideration of the evidence presented, it is this July 5, 2022, hereby;

**ORDERED** that Judgment is entered in favor of the Plaintiff, Embassy of The State of Qatar; and it is further

**ORDERED** that Judgment is entered against the Defendants, Tripwire Operations Group LLC and Ryan J. Morris, jointly and severally, in the amount of $339,716.02, with post-judgment interest to accrue at 10% per annum, plus pre-judgment interest from May 1, 2019 to June 6, 2022 at 10% per annum, plus court costs.

Case 1:22-bk-02205-HWV    Doc 189    Filed 12/29/23    Entered 12/29/23 10:00:42    Desc
Main Document    Page 5 of 12

_____
Magistrate Judge Joseph Beshouri
*(Signed in Chambers)*

**Copies via CasefileXpress to:**

George R. Doumar,
*Counsel for Plaintiff*

Albert Wilson, Jr.,
*Counsel for Defendants*

# EXHIBIT B |
# Itemized Statement

# ITEMIZED STATEMENT OF INTEREST IN ADDITION TO PRINCIPAL ON DEBT TO EMBASSY OF THE STATE OF QATAR

## Prejudgment Interest

| Date | Principal | Prejudgment Interest at 10% per annum | Total Due |
|---|---|---|---|
| 5/1/19 through 4/30/20 | $339,716.02 | $33,971.60 | $373,687.62 |
| 5/1/20 through 4/30/21 | $373,687.62 | $37,368.76 | $411,056.38 |
| 5/1/21 through 4/30/22 | $411,056.38 | $41,105.64 | $452,162.02 |
| 5/1/22 through 6/6/22 | $452,162.02 | $3,768.02 | $455,930.04 |

## Postjudgment Interest

| Date | Principal | Postjudgment Interest at 10% per annum | Total Due |
|---|---|---|---|
| 7/5/22 through **11/14/22** | $455,930.04 | $15,197.67 | **$471,127.71** |
| 11/15/22 through 11/21/23 | $471,127.71 | $47,112.77 | $518,240.48 |

# EXHIBIT 3 | Proof of Claim

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Middle District of Pennsylvania | ▼ | PROOF OF CLAIM |
|---|---|---|---|
| Name of Debtor: Ryan J. Morris | Case Number: 1:22-bk-02205 | | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Embassy of the State of Qatar

**COURT USE ONLY**

Name and address where notices should be sent:
Embassy of the State of Qatar    c/o    George Doumar, Esq.
2555 M Street NW                         1530 Wilson Blvd., Ste. 1060
Washington, DC 20037                    Arlington, VA 22209

Telephone number: (703) 919-2910    email: gdoumar@doumarmartin.com

☑ Check this box if this claim amends a previously filed claim.

Court Claim Number: 4.12
(*If known*)

Filed on: 12/20/2022

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:        email:

1. **Amount of Claim as of Date Case Filed:** $ 471,127.71

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Judgment for liquidated amount
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| | (See instruction #3a) | (See instruction #3b) |

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ _____

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim: $ _____

Annual Interest Rate _____ % ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: (Mohamed A. ALNasser)

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Mohamed A. ALNasser
Title: Security Attache
Company: Embassy of the State of Qatar
Address and telephone number (if different from notice address above):

(Signature)   12/28/23 (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Case 1:22-bk-02205-HWV　　Doc 189　　Filed 12/29/23　　Entered 12/29/23 10:00:42　　Desc
Main Document　　　　Page 12 of 12