United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-02205-HWV |
| Ryan J. Morris | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-1 | User: AutoDocke | Page 1 of 2 |
| Date Rcvd: Jan 10, 2024 | Form ID: pdf010 | Total Noticed: 6 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 12, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| | Adams County Tax Claim Bureau, 117 Baltimore St., Room 202, Gettysburg, PA 17325-2313 |
| + | Gettysburg Area School District, 900 Biglerville Road, Gettysburg, PA 17325-7897 |
| + | Mount Joy Township, 902 Hoffman Home Road, Gettysburg, PA 17325-8609 |
| + | Sergio I. Scuteri, Esquire, Capehart & Scatchard, P.A., 8000 Midlantic Dr., Ste 300 S, Mt. Laurel, NJ 08054-1549 |
| | Shraddha Bharatia, Becket & Lee LLP, P.O. Box 3001, Malvern, PA 19355-0701 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| + | Email/PDF: acg.acg.ebn@aisinfo.com | Jan 10 2024 18:52:49 | Arvind Nath Rawal, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jan 12, 2024 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 10, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alexis Allen Leventhal | on behalf of Creditor ITC Capital Partners LLC aleventhal@reedsmith.com |
| James K Jones | |

| | |
|---|---|
| | on behalf of Debtor 1 Ryan J. Morris jkj@cclawpc.com jbartley@cclawpc.com;jlaughman@cclawpc.com;rec@cclawpc.com |
| Joseph P Schalk | on behalf of Asst. U.S. Trustee United States Trustee joseph.schalk@usdoj.gov ustpregion03.ha.ecf@usdoj.gov |
| Lisa Ann Rynard | larynard@larynardlaw.com aburd@pkh.com,PA88@ecfcbis.com |
| Lyndsay E Rowland | on behalf of Creditor Farmers & Merchants Bank lrowland@starfieldsmith.com lyndsayerowland@yahoo.com;arosen@starfieldsmith.com |
| Michael Patrick Farrington | on behalf of Creditor GOLDMAN SACHS MORTGAGE COMPANY mfarrington@kmllawgroup.com |
| Robert E Chernicoff | on behalf of Debtor 1 Ryan J. Morris rec@cclawpc.com jbartley@cclawpc.com;jlaughman@cclawpc.com;jkj@cclawpc.com |
| Sergio Scuteri | on behalf of Creditor Swift Financial LLC, as servicing agent for WebBank sscuteri@capehart.com, pczerwonka@capehart.com |
| Stephen Wade Parker | on behalf of Creditor Karen Morris wparker@etzweilerwithers.com Parker.WadeR106314@notify.bestcase.com |
| Steven M. Carr | on behalf of Trustee Steven M. Carr stevecarr8@comcast.net jessmacek1@gmail.com;debclick@comcast.net;carr.steveb107929@notify.bestcase.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:22-bk-02205-HWV |
|    RYAN J. MORRIS | : | |
|        Debtor | : | |
| | | Chapter 13 |
| RYAN J. MORRIS | : | |
|        Movant | : | |
| | : | |
|    v. | : | |
| | : | |
| FARMERS & MERCHANTS BANK, ADAMS COUNTY TAX CLAIM BUREAU, MOUNT JOY TOWNSHIP, GETTYSBURG AREA SCHOOL DISTRICT | : : : : : | |
|        Respondents | : | |

**ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**
**(1800 Baltimore Pike, Gettysburg, Adams County, Pennsylvania)**

This matter is before the Court on the motion (the "Motion") of Ryan J. Morris ("Debtor") for the entry of an order authorizing sale of the Debtor's interest in real property located at and known as 1800 Baltimore Pike, Gettysburg, Adams County, Pennsylvania (the "Real Property").

The Court has considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity that may assert a lien or interest in the Property, and such is due and sufficient in all regards; that no further notice is necessary; that the relief sought in the Motion is in

the best interests of the Debtor's bankruptcy estate and the creditors thereof; and good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. Debtor is a debtor-in-possession under Chapter 13 of the Bankruptcy Code.

B. The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (c), (f), (k) and (m) and Bankruptcy Rules 2002, 6004, 9013, and 9014.

C. This Court has jurisdiction over Debtor, over all of Debtor's assets wherever located, and over all creditors of the Debtor. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D. Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Real Property therein referenced, has been provided to all creditors and interested parties in the Debtor's above-referenced Chapter 13 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Real Property.

F. The sale of the Real Property was conducted at arms' length. The Buyer provided the highest and best offer, without collusion and in good faith. Buyer is a good faith purchaser in accordance with Bankruptcy Code Section 363(m) and is entitled to all of the protections afforded thereby. Neither the Debtor nor Buyer have engaged in any conduct that would cause or permit any part of the proposed sale to be voided (or the validity of the sale affected) under Code Section 363(n) or any other provisions of the Bankruptcy Code. The good faith of Buyer is evidenced by, among other things, the following facts: (a) the Agreement is the product of arm's length negotiations between Debtor and Buyer; and (b) all payments to be made in connection with the contemplated transaction have been disclosed.

G. The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H. Debtor advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated in the Motion (the "Sale Transaction").

I. The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code

Sections 105(a), 363(b), 363(f), 363(m) and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

J.  Debtor may sell the Real Property to the Buyer free and clear of all Liens and Claims (as more fully set forth in the Motion and as may be listed therein) because one or more of the standards set forth in Code §363(f)(1) - (5) has been satisfied. Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code §363(f)(1).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2.  The Motion is granted. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented to the sale of the Real Property pursuant to Bankruptcy Code Section 363(f)(1). The Debtor, as Seller, is authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3.  Each of the Agreement, Deeds, bills of sales, releases, other agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale of the Real Property are approved and authorized in their entirety, except as may be modified in this Order.

4.  Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f) to perform all of its obligations under the Agreement.

5. As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f), 363(m) and 363(n).

6. Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

7. Counsel to the Debtor shall be provided with a draft of the Settlement Statement prior to closing.

8. Debtor hereby is authorized to execute, deliver, exchange, and perform under the Agreement and all other documents necessary or appropriate to consummate sale and transfer of the Real Property to the Buyer.

9. Pursuant to the Agreement, the Debtor, as "Seller", will pay costs and expenses associated with the sale of the Real Property at closing as follows:

   a. Any notarization or incidental filing charges required to be paid by Debtor as Seller.

   b. All other costs and charges apportioned to the Debtor as seller;

   c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of a total of $7,500.00, payable to Debtor's counsel, Cunningham, Chernicoff & Warshawsky, P.C., in connection with implementation of the sale, the presentation and pursuit of this Motion, negotiations, consummation of closing and otherwise approved professional fees and expenses in connection with this case. All fees and expenses payable to Cunningham, Chernicoff & Warshawsky, P.C, and other professionals shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then an estimated sum shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow.

d. Past due real estate taxes and present real estate taxes pro rated to the date of closing on the sale.

   e. Any municipal charges and liens, pro rated, to the date of closing on the sale.

   f. A commission at the rate of six percent (6%) of the sale consideration shall be paid to NAI/CIR, the broker for the Debtor.

10. Subsequent to the payment of costs of sale as set forth above, the balance of the net proceeds shall be paid to the F&M Bank in an amount not to exceed the full amount of the sum owed to F&M Bank as secured by its mortgage liens.

11. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Real Property, to the net proceeds obtained for the Real Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims, except for easements of roads, privileges or rights of public service companies, if any, agreement or like matters of record, and easements or restrictions visible upon the ground, and when sale of the Real Property occurs. If the proposed sale of the Real Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Real Property are hereby directed to prepare, and record promptly after the closing of sale of the Real Property, releases of such Liens and Claims reasonably satisfactory to the Buyer.

12. Nothing herein shall work to the prejudice of the rights of the Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

13. Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the Closing Date, all Liens and Claims existing or that may be raised as to the Real Property, except for easements of roads, privileges or rights of public service companies, if any, agreements or like matters of record, and easements or restrictions visible upon the ground, prior to such closing have been unconditionally released and terminated.

14. Nothing in this Sale Order or the Purchase Agreement releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Sale Order. Nothing in this Sale Order or the Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Sale Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Sale Order or to adjudicate any defense asserted under this Sale Order.

15. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to

report or insure any title or state of title in, to, or as regards the Real Property (all such persons or entities being "Recording Officers"). All recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Real Property in conformity herewith.

16. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Real Property; (c) to compel delivery of the Real Property to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

17. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004 is declared inapplicable and waived.

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: January 9, 2024